

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| KENNETH ROSA, | ) | No. ED112003 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | |
| | ) | Honorable Amanda B. NcNelley |
| STATE OF MISSOURI DEPT. | ) | |
| OF SOCIAL SERIVES | ) | |
| CHILDREN'S DIV., | ) | |
| | ) | |
| Respondent. | ) | Filed: October 15, 2024 |

This appeal stems from the placement of Kenneth Rosa's name on the Central Registry as a perpetrator of child abuse and/or neglect. The circuit court denied Mr. Rosa's petition for judicial review, finding the preponderance of the evidence showed that Mr. Rosa had perpetrated child abuse and/or neglect and thus Mr. Rosa's name should remain on the Central Registry as a perpetrator of child abuse and/or neglect. Mr. Rosa now appeals the circuit court's judgment. We dismiss the appeal, however, due to Mr. Rosa's failure to comply with Supreme Court Rule 84.04 regarding appellants' briefs.

### *Factual and Procedural Background*

The following facts are gleaned from our search of the record. On January 6, 2018, a hotline call was initiated to the Franklin County Children's Division ("Children's Division") alleging that Mr. Rosa perpetrated physical abuse upon his daughter, a minor, who was fifteen

years old at the time. The Children's Division substantiated the allegations of physical abuse by a preponderance of evidence. The Child Abuse and Neglect Review Board reviewed the substantiated findings of the Children's Division and on July 23, 2020, notified Mr. Rosa that it upheld the Children's Division decision to substantiate the claim of physical abuse. Mr. Rosa filed a petition for *de novo* judicial review.

The circuit court's review was limited to a determination, by a preponderance of the evidence standard, as to whether Mr. Rosa perpetrated child abuse and/or neglect and thus whether his name should remain on the Central Registry as a perpetrator of child abuse and/or neglect. The circuit court, upon reviewing the evidence and testimony, found based upon the competent evidence that Mr. Rosa perpetrated child abuse and/or neglect and thus his name would remain on the Central Registry as a perpetrator of child abuse and/or neglect.

Mr. Rosa appealed, and filed his appellant's brief in this Court on March 18, 2024. That brief failed to comply with Supreme Court Rule 84.04 regarding appellants' briefs in multiple ways. Mr. Rosa's jurisdictional statement, statement of facts, points relied on, and arguments all failed to comply with Rule 84.04. Mr. Rosa also did not file an appendix. This Court issued an order that outlined the deficiencies and directed Mr. Rosa to file an amended brief that complied with Rule 84.04. The order stated that Mr. Rosa's failure to do so would result in his appeal being dismissed. Following two extensions of time, Mr. Rosa filed an amended brief that still failed to comply with Rule 84.04. Among other deficiencies, Mr. Rosa's brief failed to include a fair and concise statement of facts relevant to the question presented in the appeal with citation to specific pages in the record on appeal and without including impermissible argument as required by Rule 84.04(c). Next, Mr. Rosa did not present points relied on that complied with Rule 84.04(d), in that the points did not specifically identify the action of the trial court being challenged, the legal

reasons for his claims of reversible error, and why, in the context of the case, those legal reasons support the claims of reversible error. Further, Mr. Rosa did not present argument corresponding to his points relied upon with reference to supporting legal authority as required by Rule 84.04(e). Finally, Mr. Rosa again failed to include an appendix as required by Rule 84.04(h). This Court, on its own motion, dismissed Mr. Rosa's appeal for failure to file a brief conforming to the Supreme Court Rules. The Court subsequently granted Mr. Rosa's motion to reinstate the appeal and again notified Mr. Rosa that his brief failed to comply with Rule 84.04(h) and Eastern District Rule 365 as it did not contain an appendix. We informed Mr. Rosa that his failure to correct the deficiency within ten days would result in an order being entered striking the brief. To date, Mr. Rosa has yet to file an appendix or a new brief. Respondent, the Missouri Department of Social Services, Children's Division, ("Department") has filed a motion to strike Mr. Rosa's brief based on Mr. Rosa's failure to comply with this Court's order and file an appendix. The Department has also noted the presence of multiple briefing deficiencies in Mr. Rosa's brief. This Court ordered the Department's motion taken with the case.[1]

## *Discussion*

Mr. Rosa represented himself without the assistance of an attorney. He has the right to do so. *Pearson v. Keystone Temporary Assignment Group, Inc.*, 588 S.W.3d 546, 549 (Mo. App. E.D. 2010). "We cannot and will not penalize [Mr. Rosa] for not utilizing the assistance of an attorney; but likewise, we cannot and will not lend [him] any assistance in prosecuting his appeal because he is not represented by counsel." *Pearson*, 588 S.W.3d at 549 (internal quotation omitted). "This is not a matter of our personal preference, but rather the demands placed upon us by our oaths of office, our commitment to uphold the rule of law, and the very nature of the

---

[1] Upon Mr. Rosa's request, this appeal was set for oral argument before this Court on October 2, 2024. Mr. Rosa, however, did not appear for that argument.

adversarial process, which requires fair, impartial and disinterested decision makers." *Pearson*, 588 S.W.3d at 549 (internal quotation omitted). "We would be true to none of these principles if we applied the law in one manner to litigants represented by counsel and then in a different manner to litigants that are not represented by counsel." *Pearson*, 588 S.W.3d at 549 (internal quotation omitted). "We recognize the problems faced by *pro se* litigants, but we cannot relax our standards for non-lawyers." *Kruse v. Karlan*, 692 S.W.3d 43, 47 (Mo. App. E.D. 2024).

Accordingly, *pro se* appellants such as Mr. Rosa "are bound by the same rules as a party represented by an attorney." *Pearson*, 588 S.W.3d at 549. *Pro se* appellants must comply with the Supreme Court Rules, including Rule 84.04, which sets out the requirements for appellate briefs. *Pearson*, 588 S.W.3d at 549. "We do not grant *pro se* appellants preferential treatment regarding compliance with those rules." *Pearson*, 588 S.W.3d at 550. "This is not from lack of sympathy, but rather is necessitated by the requirement of judicial impartiality, judicial economy, and fairness to all parties." *Pearson*, 588 S.W.3d at 550.

Compliance with the requirements of Rule 84.04 is mandatory. *Pearson*, 588 S.W.3d at 550. In addition to the other Rule 84.04 deficiencies in Mr. Rosa's brief, Mr. Rosa failed to comply with Rule 84.04(h), which requires that a party's brief shall be accompanied by a separate appendix containing the judgment from which the party appeals, including the relevant findings of fact and conclusions of law filed in a judge-tried case or by an administrative agency. The appendix shall also contain the "complete text of all statutes, ordinances, rules of court, or agency rules claimed to be controlling as to a point on appeal."[2] Rule 84.04(h). "An appendix also may set forth matters pertinent to the issues discussed in the brief such as copies of exhibits, excerpts from the written record, and copies of new cases or other pertinent authorities." Rule 84.04(h).

---

[2] The appendix must also include the "complete text of any instruction to which a point relied on relates." There are no instructions at issue in this appeal.

This Court has informed Mr. Rosa of his briefing failures, including his failure to file an appendix on three separate occasions and has repeatedly directed him to file an appendix. Mr. Rosa filed his initial non-compliant brief on March 18, 2024, but failed to file an appendix. This Court informed Mr. Rosa of the numerous briefing deficiencies, including his failure to include an appendix. By order, this Court granted Mr. Rosa additional time in which to file a brief that complied with Rule 84.04, and expressly noted that his failure to do so would result in his appeal being dismissed. Mr. Rosa filed an amended brief, but again failed to file an appendix, and his amended brief still failed to comply with Rule 84.04 in numerous respects. Due to the numerous deficiencies in Mr. Rosa's brief, this Court dismissed Mr. Rosa's appeal. In our order dismissing the appeal, this Court again set out the briefing deficiencies, including Mr. Rosa's failure to file an appendix as required by Rule 84.04(h). Mr. Rosa filed a motion requesting the Court to reinstate his appeal. After this Court reinstated Mr. Rosa's appeal, we again notified Mr. Rosa of his failure to comply with the Rules and his failure to include an appendix with his brief. We directed him to file an appendix within ten days, expressly noting that his failure to do so would result in his brief being stricken. To date, Mr. Rosa has yet to file an appendix.

Failure to file an appendix is sufficient grounds for dismissal of the appeal. *See, Kruse*, 692 S.W.3d at 47. Due to Mr. Rosa's failure to comply with Rule 84.04, and pursuant to the Court's order of June 25, 2024, Mr. Rosa's appellant's brief is stricken. Consequently, this appeal is dismissed. The Department's motion to strike Mr. Rosa's brief based on Mr. Rosa's failure to include an appendix is denied as moot. "We do not take lightly the decision to dismiss an appeal without reaching its merits; but we also do not take lightly the mandatory briefing requirements set forth by the Supreme Court of Missouri." *Parkside Financial Bank & Trust v. Allen*, 688 S.W.3d 83, 90 (Mo. App. E.D. 2024); *see Brown v. Brown*, 645 S.W.3d 75, 81 (Mo. App. W.D.

2022) (noting dismissal is particularly appropriate where an appellant, after being put on notice, makes no effort to correct deficiencies in their brief); *see also Lexow v. Boeing, Co.*, 643 S.W.3d 501, 509 (Mo. banc 2022) (finding significant to its dismissal the appellant's failure to correct briefing deficiencies cited by the Court of Appeals).

This Court has discretion to conduct *ex gratia* review of a non-compliant brief. *Parkside Financial Bank & Trust*, 688 S.W.3d at 89. We only do so, however, "where we can ascertain the gist of an appellant's arguments, notwithstanding *minor* shortcomings in briefing." *Parkside Financial Bank & Trust*, 688 S.W.3d at 89 (emphasis in original; internal quotation omitted). In some cases, however, a brief may be so deficient that it precludes appellate review. And such is the case here. The shortcomings in Mr. Rosa's briefing are not minor, but rather are numerous and pervasive. An appendix could have aided this Court in an *ex gratia* review, but none was filed here. To conduct any meaningful review, this Court would be forced to speculate, make assumptions, and shoulder the inappropriate burden of not only ferreting out and reconstructing the facts of the case, but also crafting Mr. Rosa's argument on appeal. In short, we are not able to conduct a review of this case without becoming Mr. Rosa's advocate. This we cannot do. *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978); *Pearson*, 588 S.W.3d at 552.

Appeal dismissed.

_____
Angela T. Quigless, J.

James M. Dowd, P.J., and
Cristian M. Stevens, J., concur.

6